IN RE WILSON.

[No. 30,513. Filed May 17, 1966. Rehearing denied June 20, 1966.]

*John J. Dillon,* Attorney General, for Relator.

*Henry J. Richardson, Jr.,* of Indianapolis, for Respondent.

PER CURIAM.—The Disciplinary Commission of this Court has filed an Information for the disbarment of Benjamin F. Wilson, a practicing attorney in Lake County, Indiana. The proceedings come before us pursuant to Rule 3-22. The Honorable Frank Fisher was appointed by this Court as a Commissioner to hear the evidence and report his findings and conclusions with recommendations.

A hearing was held before the Commissioner, who has filed a transcript of the evidence along with his findings, conclusions and recommendations. This report which has been filed with the clerk of this Court, in substance finds that the respondent was guilty of the specific acts alleged in rhetorical paragraphs numbered 1, 2, 3, 4, 7, 8 and 9 of the Amended Information. These specifications were supported by evidence which showed that the respondent violated the laws of the State of Indiana while he was serving as a member of the Common Council of the City of Gary, Indiana, by receiving several thousand dollars from construction companies and other companies doing business with the City of Gary; that

upon the request of the then Mayor of the city, George Chacharis, he prepared claims for legal services against such construction firms payable to another party. Respondent turned the vouchers over to the party to whom they were payable, who cashed them, retained money to pay the income tax thereon and paid the balance to the respondent, who thereafter divided the money with the Mayor. The respondent admitted that neither he nor the person to whom the claims were made payable performed any services, legal or otherwise, for the money received. It was his contention that this was a method by which political funds were being raised by him and the then Mayor of the city.

We have first before us a motion to dismiss these proceedings on certain technical grounds, namely, that the Disciplinary Commission of this Court, which instituted these proceedings, was biased and prejudiced; that one of the members was absent on the day of the hearing, although he joined in the final presentation of the filing of the Information and the Amended Information herein; that there was no probable cause for the filing of the information against the respondent, and that the Disciplinary Commission acts in the dual capacity of fact finders and prosecutors.

We have considered these matters and suffice it to say that under the rules of this Court, the Disciplinary Commission acts very much in the capacity of a Grand Jury in its inquiries and investigation and in the determination of whether or not any charges should be brought against a member of the bar of this State for a violation of the ethics of the legal profession.

The record shows that the respondent was notified that the Disciplinary Commission of this Court was considering charges made by the Gary Bar Association as to his conduct. He was informed that he would be given an opportunity at a certain time and place to appear before the Disciplinary Commission, if he so desired, to give his viewpoint as to these charges. The respondent did voluntarily appear before the

Disciplinary Commission of this Court and was given the opportunity to make any explanation he so desired without being put under oath. His statements were taken down by the reporter at the time, which were transcribed and introduced in the final hearings before the Commissioner appointed by this Court to determine the truthfulness of the charges made. This is referred to in the transcript of the evidence as Exhibit A.

The respondent has filed exceptions to the Commissioner's report in this case, with a brief. The main contention made by the respondent is that the testimony which he gave before the Disciplinary Commission in its original inquiry, designated Exhibit A, was not competent evidence. He likewise contends that the testimony which he gave in Federal court as a witness in the trial of George Chacharis for income tax violation is not competent evidence against him. This testimony is designated Exhibit B in the transcript of the hearing before the Commissioner in this case, and is certified to by the official court reporter of the Federal court as to the respondent's testimony at the time as to how he presented the claims and manipulated the funds, dividing the same with the Mayor at the time, and retaining a portion of it himself. The respondent likewise objects to the Commissioner considering the testimony which he voluntarily gave under oath before the Gary Bar Association relative to his activities in making the claims in another name for legal services never performed and dividing the money with the Mayor, who was not an attorney, after the person to whom the claim was made had deducted an amount sufficient to pay the income tax thereon in his name.

Various technical objections are made to this evidence, namely that the transcript from the Federal court is not a complete transcript of all the testimony in the trial in that case, and that the testimony before the Gary Bar Association and the Disciplinary Commission is not properly certified to or is not signed by the respondent him-

self, among various other technical objections. The respondent took the stand and testified in substance to the same acts which he previously had related in his appearance before the Gary Bar Association, before the Disciplinary Commission, and as a witness in the Federal Court. We find there is no prejudicial error in the admission of the testimony in the hearing before the Commissioner.

The Commissioner finds that the respondent is a lawyer, sixty-six years of age, admitted to the practice since 1927 and has practiced in Lake County, Indiana since 1937; that the respondent is a man of wide experience professionally and politically, and was fully aware that his conduct was not only unethical but illegal in the instances referred to in this proceeding. The Commissioner further finds that the respondent shows no regret for the activity in which he engaged and makes no attempt to rectify the wrongs done and, in fact, justifies his conduct on the basis that it is part of a political system and practice in which he is justified in engaging.

The recommendation of the Commissioner is that the respondent be suspended from the further practice of law.

The report and recommendation of the Commissioner is in all things approved and said respondent is hereby suspended from the further practice of law in the State of Indiana; and said respondent is disbarred and his name ordered stricken from the roll of attorneys admitted to practice before the bar of this State.

Achor, J., not participating. Jackson, J., concurs in result.

NOTE.—Reported in 216 N. E. 2d 555.